UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN (Grand Rapids)

In re:  
Alisa Byrnes  
      Debtor.  
_____/

Chapter 13 No. DL -18-01839-swd

Hon. Scott W. Dales

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

  NOW COMES Ditech Financial LLC, by and through its attorneys, Trott Law, P.C., and shows unto this Honorable Court as follows:

  1. That Movant is a holder of a mortgage on property owned by the Debtor(s) and located at 2202 Lagoon Drive, Okemos, MI 48864 (see attached copy of loan document(s));

  2. That the Debtor(s) filed Chapter 13 Bankruptcy on April 23, 2018;

  3. That an order confirming plan has not yet been entered;

  4. That pursuant to 11 U.S.C. § 362(d)(1), upon the request of any party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest. Cause may also include failure of the debtor to comply with obligations under 11 U.S.C. § 521(a)(2);

  5. That pursuant to the terms of the Chapter 13 Plan as proposed, the Debtors are required to remit monthly payments of $2,009.03 to the Chapter 13 Trustee;

  6. That according to a report obtained from the Chapter 13 Trustee's Office, the Debtor(s) has failed to remit the required payments;

  7. That the Debtor(s) has failed to comply with the terms of the Chapter 13 Plan as proposed;

  8. That the approximate market value of the subject property is $187,000.00 pursuant to Schedules A and D;

TROTT LAW, P.C.  
31440 NORTHWESTERN HWY  
STE. 145  
FARMINGTON HILLS, MI 48334-5422  
PHONE 248.642.2515  
FACSIMILE 248.642.3628

9. Trott Law, P.C. has been informed by Movant that the amount due and owing as of August 14, 2018, is approximately $131,516.97;

10. Creditor is also entitled to Creditor's Attorney fees and costs for filing this motion;

11. That Tacoma Hills Homeowners Land Company, Inc., Republic Bank, Charter Township of Meridian Treasurer and Ingham County Treasurer may have an interest in the subject property to the knowledge and belief of Movant;

12. That no other creditor will receive any benefit from the sale of the subject property;

13. Movant requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property.

14. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

15. The Movant and/or its successors and assigns further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale, or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

16. The Documentation provided is in support of the right to seek a lift of stay and foreclose if necessary.

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

17. That pursuant to Local Bankruptcy Rule 9013(c)(1)(B), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott Law, P.C.

Dated: August 14, 2018

/S/ ~~Robert J. Shefferly~~ (P67477)
/S/ Rose Merithew (P73319)
/S/ ~~Marcy J. Ford~~ (P49158)
Attorney for Ditech Financial LLC
31440 Northwestern Hwy Ste. 145
Farmington Hills, MI 48334-5422
248.642.2515
Email: WesternECF@trottlaw.com

Trott #119359B12

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 145
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN (Grand Rapids)

| | |
|---|---|
| In re:<br>Alisa Byrnes | Chapter 13 No. DL -18-01839-swd |
| Debtor.<br>_____ / | Hon. Scott W. Dales |

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Ditech Financial LLC, by and through its attorneys, Trott Law, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 2202 Lagoon Drive, Okemos, MI 48864; and the approximate market value of the property is $187,000.00 pursuant to Schedules A and D; and the current debt owing is approximately $131,516.97, and Creditor may recover Attorney fees and costs for filing this Motion; and any surplus on the sale of this property shall be distributed pursuant to applicable state law and procedures; and any deficiency on the sale of this property shall be treated as an unsecured debt; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 2202 Lagoon Drive, Okemos, MI 48864 to allow Creditor to commence or continue its federal and/or state law rights to the property. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period.  A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period.  Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution.  The Movant may contact the Debtor via telephone or written correspondence to offer such an

agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

**END OF ORDER**